IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EDWARD GARRIGAN ) | CIVIL ACTION NO. 9:15-cv-1351-SB |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| UNITED RECOVERY SYSTEMS, LP, ) | **JURY TRIAL DEMAND** |
| and CITIBANK, N.A. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code § 37-1-101 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

1

## PARTIES

4. Plaintiff, Edward Garrigan ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Carolina, County of Beaufort, and City of Bluffton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and S.C. Code § 37-1-301(10).

6. Defendant United Recovery Systems, LP ("United") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5)

7. United is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Citibank, N.A. ("Citibank") is an entity who at all relevant times was engaged in the business of directly or indirectly attempting to collect a debt from Plaintiff.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt to Citibank.

10. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

11. The Debt arises from a "consumer credit transaction" as defined by S.C. Code § 37-1-301(11).

12. United uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. On February 24, 2014, Plaintiff's counsel sent Citibank written correspondence to provide Citibank with notice that Plaintiff was represented by counsel with respect to the Debt.

14. A true and accurate copy of the February 24, 2014 notice of representation is attached to this complaint as Exhibit A

15. Citibank received the notice of representation on or about March 3, 2014.

16. Upon information and belief, Citibank subsequently retained AllianceOne Receivables Management, Inc. ("AllianceOne") to collect the Debt on its behalf.

17. Upon information and belief, Citibank advised AllianceOne of the February 24, 2014 letter and/or that Plaintiff was represented by counsel.

18. In connection with the collection of the Debt, AllianceOne, on behalf of Citibank, sent an initial written communication dated April 18, 2014 regarding the Debt to Plaintiff's counsel.

19. Upon information and belief, Citibank subsequently retained United to collect the Debt on its behalf.

20. Upon information and belief, Citibank advised United of the February 24, 2014 letter and/or that Plaintiff was represented by counsel.

21. In the alternative, Citibank did not advise United of the February 24, 2014 letter and/or that Plaintiff was represented by counsel.

22. Upon sending the Debt to United for collection, Citibank knew or should have known that United would contact Plaintiff directly.

23. In connection with the collection of the Debt, United, on behalf of Citibank, sent an initial written communication dated August 19, 2014 directly to Plaintiff.

24. A true and accurate copy of United's August 19, 2014 correspondence is attached to this complaint as Exhibit B.

25. Plaintiff's counsel did not provide United with consent to contact Plaintiff directly.

26. Plaintiff's counsel did not provide Citibank with consent to contact Plaintiff directly.

27. Plaintiff's counsel did not fail to respond within a reasonable period of time to any communications from United.

28. Plaintiff's counsel did not fail to respond within a reasonable period of time to any communications from Citibank.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## UNITED

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. United violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly when it knew or had reason to know that that Plaintiff was represented by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that United violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF S.C. CODE 37-5-108
## UNITED

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. United violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; including, but not limited to, communicating with a consumer who is represented by an attorney when such fact is known to the creditor or debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that United violated S.C. Code § 37-5-108;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF S.C. CODE 37-5-108
## CITIBANK

33. Plaintiff repeats and re-alleges each and every factual allegation above.

34. Citibank violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; including, but not limited to, communicating with a consumer who is represented by an attorney when such fact is known to the creditor or debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Citibank violated S.C. Code § 37-5-108;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 24, 2015.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)

>Thompson Consumer Law Group, PLLC
>822 Camborne Place
>Charlotte, NC 282010
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@consumerlawinfo.com
>Attorneys for Plaintiff

Please send correspondence to the below address

>Thompson Consumer Law Group, PLLC
>5235 E. Southern Ave D106-618
>Mesa, AZ 85206

8